UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TERRY LYMON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-00346-GSL-ALT |
| | ) |
| **CSX TRANSPORTATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Terry Lymon, by counsel, filed this employment discrimination action against his former employer, Defendant CSX Transportation, Inc., in Dekalb County Circuit Court on July 18, 2023, and Defendant timely removed the case to this Court. (ECF 1, 6). On March 13, 2025, after the discovery period had closed, District Judge Gretchen S. Lund entered an Opinion and Order granting Defendant's motion for summary judgment and directing the clerk to enter judgment in favor of Defendant and against Plaintiff. (ECF 54; *see* ECF 34, 36, 55). After the judgment was entered, Defendant filed a motion for costs, including a supporting memorandum, affidavit, and bill of costs, seeking a judgment in Defendant's favor for the $1,097.05 in costs detailed in Defendant's bill of costs. (ECF 56, 56-1). On April 16, 2025, Judge Lund entered an Order taxing these costs against Plaintiff. (ECF 57).

Before the Court is a Motion to Declare Indigent and Proof of Indigency, together with supporting exhibits (ECF 79), filed by Plaintiff, who is now proceeding *pro se* (ECF 75). Plaintiff asks that he be "declare[d] indigent" and relieved of paying Defendant's costs. (ECF 79 at 1). For the following reasons, Plaintiff's motion will be DENIED.

*A. Applicable Law*

"Federal Rule of Civil Procedure 54(d)(1) provides that 'costs—other than attorney's fees—should be allowed to the prevailing party' unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." *Garza v. Wexford Health Sources, Inc.*, No. 19-2321, 2022 WL 22893301, at *1 (C.D. Ill. Oct. 28, 2022 (quoting Fed. R. Civ. P. 54(d)(1)). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chi.*, 469 F.3d 631, 636 (7th Cir. 2006); *see also Fitzpatrick v. Wexford Health Servs., Inc.* No. 20-CV-01218-SPM, 2024 WL 4490843, at *1 (S.D. Ill. Oct. 15, 2024).

"[T]he denial of costs may be appropriate if the losing party is indigent and has no ability to pay." *Garza*, 2022 WL 22893301, at *1 (citing *Rivera*, 469 F.3d at 636). "First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (citation and internal quotation marks omitted); *see also Fitzpatrick*, 2024 WL 4490843, at *1. "The burden is on the losing party to provide sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (citation and internal quotation marks omitted); *see also Garza*, 2022 WL 22893301, at *1.

"Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera*, 469 F.3d at 635; *see also Fitzpatrick*, 2024 WL 4490843, at *1. "No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs." *Rivera*, 469 F.3d at 635 (citations omitted); *see also Garza*, 2022 WL 22893301, at *1.

*B. Analysis*

Plaintiff argues that he is indigent and unable to pay Defendant's taxed costs of $1,097.05. (ECF 79 at 1). "In a Chapter 7 Bankruptcy case, the filing fee may be waived 'if the court determines that such individual has income less than 150 percent of the income official poverty line . . . .'" *Banks v. Durianski*, No. 1:25-CV-329-HAB-SLC, 2025 WL 1834201, at *1 (N.D. Ind. July 2, 2025) (alteration in original) (quoting 28 U.S.C. § 1930(f)(1)). Though this is not a bankruptcy case, the same standard has been used in district court cases to assess indigency. *See, e.g.*, *Woods v. Rent-A-Center Inc-764*, No. 1:25-CV-444-HAB-ALT, 2025 WL 2493980, at *1 (N.D. Ind. Aug. 28, 2025). "Courts have wide discretion to decide whether a litigant is impoverished . . . ." *Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (citation omitted); *see also Banks*, 2025 WL 1834201, at *1.

Plaintiff states that he is retired and has only one income that "is not far from being below the poverty level . . . ." (ECF 79 at 2). In support of his motion, Plaintiff filed a copy of his 2023 tax return reflecting a taxable income of $27,153 and documentation of his $247.96 monthly net pension payment from General Motors. (*Id.* at 7-9). Plaintiff states that he also receives a monthly net pension payment of $1,849.87 from the Indiana State Police. (*Id.* at 2).[1] Plaintiff owns his home, which is assessed at $171,000; has $50.63 in a savings account; and owns three vehicles worth $1,000, $1,800, and $4,500, respectively. (*Id.* at 3, 10-11, 26).

The annual limit for 150% of the 2025 Poverty Guidelines for a household of one in Indiana is $23,475, and thus, Plaintiff's income of $27,164 exceeds that limit. *See* 150% of the HHS Poverty Guidelines for 2025, Monthly Basis, available at https://www.uscourts.gov/sites/default/files/2025-01/ifp-monthly-poverty-guidelines-2025.pdf (last visited Oct. 7, 2025)).

---

[1] Plaintiff claims that he submitted "Exhibit 2" reflecting his monthly pension from the Indiana State Police (*id.*), but there is no Exhibit 2 to his motion.

3

However, Plaintiff represents that "[t]he bulk of his monthly earnings is consumed by paying bills and for life sustenance" (ECF 79 at 3), in that each month he pays $520 in utilities, $489.58 in insurance, $120 in property tax, and $325 for food, gas, and his credit card (*id.* at 2-3, 10, 18-25). He states that these "expenses total[] $1,454.58 monthly which leaves only $635.29 every month." (*Id.* at 3). He states that he is also responsible for over $90,000 in overdue student loan debt, which he apparently has not been paying. (*Id.* at 12-14).

"[U]nder Rule 54(d), [a court's] discretion is narrowly confined because of the strong presumption . . . that the prevailing party will recover costs." *Park v. City of Chicago*, 297 F.3d 606, 617 (7th Cir. 2002) (citation and internal quotation marks omitted). It is Plaintiff's burden to show that he is incapable of paying Defendant's costs in the amount of $1,097.05 "at this time or in the future[.]" *Rivera*, 469 F.3d at 634. Plaintiff has not done so. Plaintiff has monthly income of $2,089.87, owns his own home, and states that he has $635.29 left after paying his bills each month. Therefore, it seems that Plaintiff has the ability to pay Defendant's costs—at least over several months' time. Moreover, Plaintiff does not explain why he owns three vehicles—each worth at least $1,000—which presumably increase his overall insurance expenses. Given this record, Plaintiff cannot claim that he has no assets with which to pay Defendant's taxed costs.

As to the second part of the inquiry, Defendant's costs appear reasonably incurred, as they seek just over $1,000 for the costs of transcripts for the depositions of Plaintiff and another witness, Frank Pelzer, both of which Defendant relied upon in its statement of undisputed facts (ECF 38) filed in connection with its motion for summary judgment (ECF 36). *See Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1037 (S.D. Ill. 2020) ("PSAE's deposition transcript costs were reasonably necessary as PSAE used deposition transcripts in its Motion for Summary Judgment."). And while there is no indication here that Plaintiff filed this case in bad

4

faith, *see Rivera*, 469 F.3d at 635 (considering "the good faith of the losing party"), a review of the Opinion and Order entered by Judge Lund on March 13, 2025 (ECF 54), granting Defendant's motion for summary judgment and dismissing Plaintiff's claims, does little to convince me that the "closeness and difficulty of the issues raised by [the] case" weigh in Plaintiff' s favor. *See id.*[2]

For all of these reasons, Plaintiff's motion to declare indigent (ECF 79) and excuse him from paying Defendant's taxed costs in the amount of $1,097.05 (ECF 57, 58) is DENIED. The award of costs is a "normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

SO ORDERED.

Entered this 8th day of October 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[2] While Plaintiff believes the reason summary judgment was granted in Defendant's favor was "partly due" to his attorney's "mishandling" of the case (s*ee* ECF 49 at 4 (citing ECF 76)), Plaintiff's subjective belief is not a proper factor in this analysis.